■ HOWARD LINZER, Appellant, v. SHIRLEY LINZER, Respondent.— Order, entered June 24, 1968, unanimously modified on the law and the facts by reducing the counsel fee to $1,750, payable one half within 10 days after service of a copy of the order entered herein and the remainder on or before the date on which the case is reached for trial, and as so modified, affirmed, without costs or disbursements. Upon the facts presented, the award of counsel fee in the sum of $2,500 was unjustified and excessive. Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.

■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and JOHN P. O'KEEFFE, Appellant.— Appeal from order entered February 2, 1968, denying reargument, unanimously dismissed without costs or disbursements, with leave to respondent-appellant to apply at Special Term for a rehearing and reconsideration upon proof demonstrating prima facie that appellant's injuries resulted from an uninsured automobile or a "hit-and-run automobile." The papers do not set out grounds for reargument. The denial is, therefore, not appealable. However, as there is some indication that appellant is really seeking a rehearing or reconsideration, an opportunity should be granted to him to make such application upon more complete papers providing the information indicated above. Concur — Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ.

■ ESTHER SALAS, as Administratrix of the Estate of LOUIS SALAS, Deceased, et al., Respondents, v. CITY OF NEW YORK, Appellant.— Judgment, after a jury trial, in this wrongful death action, in plaintiff's favor, unanimously reversed on the law and on the facts and complaint dismissed, with $50 costs and disbursements to appellant. It is extremely doubtful whether the evidence adduced by the plaintiff is sufficient to spell out negligence on the part of this defendant under the circumstances of this case. However, assuming *arguendo*, that the defendant was negligent, there is no evidence from which the jury could reasonably infer that such negligence was the proximate cause of the drowning of the deceased. In any event, were we not dismissing the complaint as a matter of law, we would reverse and grant a new trial on the ground that the court committed serious error in allowing a witness for the plaintiff to testify, over objection, as to what she had been told by another addict, who escaped with decedent and who did not testify at the trial. Without this patently improper evidence plaintiff did not sustain the burden that the deceased met his death in the course of his escape. Further grounds for reversal are that the verdict was against the weight of evidence and a majority of the court believes the amounts awarded were excessive. Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and McNally, JJ.